FILED

SEP 09 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BISHOP, on behalf of himself and all others similarly situated,<br><br>                                   Plaintiff,<br><br>v.<br><br>BORAL INDUSTRIES, INC., a California Corporation, BORAL ROOFING, LLC, a Delaware Limited Liability Corporation, and DOES 1-10,<br><br>                                   Defendants. | Case No.: 3:18-cv-02701-BEN-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT; and**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**<br><br>**[Doc. 4]** |

    Before the Court is Defendants Boral Industries, Inc. ("Boral Inc."), and Boral Roofing, LLC, a Delaware Limited Liability Corporation ("Boral LLC") (collectively "Defendants") Motion to Dismiss and/or Strike Plaintiff Ryan Bishop's ("Bishop" or "Plaintiff") Complaint. (*See* Doc. No. 4.) The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78 78(b). After considering the moving, opposing, and reply papers, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss and **GRANTS in part and DENIES in part** the Motion to Strike.

///

# I. BACKGROUND

## A. Factual Background

As the Court is already well-versed as to the alleged facts in this case, and for the sake of brevity, the Court will only provide a summary of the events leading up to the institution of this action.

Plaintiff is a California resident who worked for Defendants as a non-exempt, hourly-paid employee. (Doc. No. 1, Exh. A ¶ 1.) He began working for Defendants on April 12, 2018. *Id.* ¶ 15. Shortly after his employment commenced, Plaintiff complained that he was not receiving his second meal break, even though he was scheduled to work 12-hour shifts. *Id.* ¶ 16. Defendants allegedly told Plaintiff he was only allowed to take one meal break per 12-hour shift. *Id.* On or around May 4, 2018, Plaintiff took a second meal break. *Id.* ¶ 17. On May 5, 2018, Defendants terminated Plaintiff's employment. *Id.* ¶ 18. Plaintiff alleges the paycheck he received after his termination did not include all the compensation he was rightfully owed by Defendants. *Id.* ¶ 19.

In the Complaint, Plaintiff avers that the Defendants intentionally acted, joint and severally, with deliberate indifference and conscious disregard of the rights of Plaintiff and other employees of Defendants, by engaging in unfair business practices comprised of (1) failing to provide meal breaks, (2) failing to provide rest breaks, (3) failing to pay final wages, and (4) failing to provide timely and accurate wage statements. *See Id.*

Plaintiff seeks to represent all current and former non-exempt employees of Defendants who "worked a shift greater than or equal to ten hours at any time since four years before the filing of this case." *Id.* ¶ 20.

## B. Procedural Background

On October 29, 2018, Plaintiff filed his Complaint in the Superior Court of California, County of San Diego. (Doc. No. 1-1.) Plaintiff's Complaint alleges five causes of action: (1) violation of Industrial Welfare Commission ("IWC") Order No. 4-2001 and California Labor Code sections ("CLC") §§ 200, 226.7(b), 500, 512, 11198; (2) violation of IWC Order No. 4-2001 and CLC §§ 200, 500, 512, 1198; (3) violation of CLC §§ 201,

202, 203; (4) violation of CLC 226(a), and 226(e); and (5) violation of § 17200, *et seq.* of the California Business & Professions Code. *Id.* ¶¶ 28-54.

On November 29, 2018, Defendants filed their Notice of Removal, invoking this Court's jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). (*See* Doc. No. 1.)

On December 6, 2018, Defendants' filed the instant Motion to Dismiss and/or Strike Plaintiff's Complaint. *See Id.* On December 31, 2018, Plaintiff opposed Defendants' Motion. (*See* Doc. No. 7.) Lastly, on January 7, 2019, Defendants replied in support of their Motion. (*See* Doc. No. 8.)

## II. REQUEST FOR JUDICIAL NOTICE

In their Motion, Defendants request that the Court take judicial notice of various court filings, orders, and opinions. (Doc. No. 4-2 at 1-71; *see* Mot. Exs. A-F.) Defendants include a supplemental request for judicial notice in the Reply, seeking judicial notice of another court order. (Doc. No. 8-1 at 1-13; *see* Exh. G.) Plaintiff has not opposed either request. The Court **GRANTS** Defendants' request for judicial notice. *See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record); *Peviani v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1117 (C.D. Cal. 2010) (taking judicial notice of other district court opinions but noting that they were not binding authority).

## III. DISCUSSION

### A. Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

///
///

### 1. *Failure to Provide Meal and Rest Periods*

Defendants move to dismiss Plaintiff's first and second causes of action for meal and rest break violations because according to Defendants, Plaintiff failed to allege whether "Defendants failed to provide *any* meal and rest breaks, whether Plaintiff's claims are limited to the purported failure to provide *second* meal breaks and *third* rest breaks only, or whether Plaintiff is alleging something different altogether." (Doc. No. 4-1 at 3-4.) Moreover, Defendants also argue that "Plaintiff's meal and rest break claims are also subject to dismissal for the additional reason that the Complaint contains only conclusory allegations that do not plausibly suggest that Plaintiff and/or the putative class members ("PCM") were not provided and/or authorized and permitted to take legally-compliant meal and rest breaks and/or failed to pay premiums for missed or otherwise non-compliant meal and rest breaks." *Id.*

According to Plaintiff, he has sufficiently alleged the first and second causes of action for failure to provide meal and rest periods because "the policy giving rise to the alleged violations is straightforward and Plaintiff's allegations are based on a policy that did not comply with California law." (Doc. No. 7 at 3.) Plaintiff further contends that he "need not set forth each detail as the why the policy is invalid because plaintiff need not prove his case at the pleading stage." *Id.*

Section § 226.7 of the California Labor Code requires an employer to provide its employees work-free meal and rest breaks and if an employer fails to do so, the employer is required to pay the employee one additional hour of pay at the employee's regular compensation rate for each workday that a meal or rest break was not provided. Cal. Lab. Code § 226.7. Section § 512 requires employers to provide its employees with a meal period not less than thirty minutes no later than the start of an employee's sixth hour of work. Cal. Lab Code § 512; *Brinker v. Sup. Ct.*, 53 Cal. 4th 1004, 1041-42 (2012). Absent waiver, an employer must give an employee a second meal period not less than thirty minutes after ten hours of work. Cal. Lab. Code § 512; *Brinker*, 53 Cal. 4th at 1042. An employer fulfills its obligation to provide its employees adequate meal breaks "if it relieves

its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted thirty-minute break, and does not impede or discourage them from doing so." *Brinker*, 53 Cal. 4th at 1040; *see also Rodriguez v. Taco Bell Corp.*, 896 F.3d 952, 956 (9th Cir. 2018) (holding the *Brinker* decision sets forth the authoritative standard for determining whether an employer adequately provided employees meal periods). An employer's "liability is contingent upon proof [the employer] knew or should have known off-the-clock work was occurring." *Brinker*, 53 Cal. 4th 1051.

With regards to the failure to provide meal periods, Plaintiff sufficiently alleges that Defendants maintained a policy of only permitting "each employee to take one meal break and two ten-minute rest breaks during his or her scheduled shift, even though a 12-hour shift requires two (2) meal breaks and three (3) rest breaks." (Doc. No. 1, Exh. A ¶ 10.) And Plaintiff has plausibly claimed that "Defendant has not received an exemption from providing off-duty meal and rest breaks to employees, yet its policy and practice is to only allow Plaintiff and other employees to take one off-duty meal break even if their shifts exceeded ten (10) hours, which was customary." *Id.* ¶ 11. But, Plaintiff fails to plead enough facts regarding how this supposed policy prevented Plaintiff from taking meal breaks or otherwise was not permitted to take legally compliant meal breaks. For example, there are no facts regarding when meal breaks were provided after the fifth hour of work. Plaintiff also insufficiently pleads that Putative Class Members did not receive a second meal break or the cause for not receiving a second meal break when allegedly working over a ten-hour shift. And the Complaint is devoid of specific facts that relate to Plaintiff's experiences. Plaintiff must set forth a factual basis to show that the failure to take legally compliant meal breaks was because of this unlawful policy.

The same flaw applies to the second cause of action for failure to provide rest periods. Plaintiff has not asserted enough facts to state a plausible claim that Defendants required employees to remain on-duty during their rest breaks. *Id.* ¶ 36. Nor does Plaintiff plausibly allege facts indicating the Defendants knew or should have known that

employees are never relieved of all duties during any breaks thereby preventing them from taking off-duty rest breaks during their shifts. *See Id.* ¶ 37.

For these reasons, Defendants' Motion to Dismiss Plaintiff's first and second causes of action is **GRANTED, with leave to amend.**

## 2. *Failure to Provide Timely Wages*

Next, Defendants move to dismiss Plaintiff's third cause of action under Cal. Lab. Code § 203 for failure to pay all wages due at time of employment termination including all wages, overtime, and meal and/or rest break premiums.

Defendants assert Plaintiff's third claim fails as a matter of law because Plaintiff has not alleged any facts as to when he received his own final paycheck, its amount, and the amount he purportedly should have received to support a claim for failure to pay final wages at separation. (Doc. No. 4-1 at 9.)

Plaintiff responds that he has sufficiently pled his third cause of action because he alleged: "he did not receive any compensation for missed meal and rest breaks." (Doc. No. 7 at 3.) Furthermore, the Complaint alleges that "[d]uring the relevant time period, Defendants willfully failed to pay upon termination all wages owed to the California Class who are no longer employed by Defendant and thus is liable to such class members for penalties pursuant to Labor Code § 203." (Doc. No. 1, Exh. A ¶¶ 39-41.)

California law controls the manner of the payment of final wages upon the discharge or resignation of an employee. Cal. Lab. Code §§ 201, 202. If an employer "willfully fails to pay" in accordance with Sections 201 or 202, the employer is subject to statutory penalties; known as "waiting time" penalties. *Id.* § 203(a). An employer willfully fails to pay wages within the meaning of Cal. Lab. Code § 203 when the "employer intentionally fails to pay wages to an employee when those wages are due." Cal. Code Regs., tit. 8, § 13520; *see also Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008) (explaining that § 13520 codified *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 7 (1981), which held that "the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due" and

"'willful' merely means that the employer intentionally failed or refused to perform an act which was required to be done").

Plaintiff's third claim for failure to pay wages upon termination is deficient because he alleges no facts as to when he received his final paycheck, its amount, and the amount he purportedly should have received. While he does assert that his final check did not include "missed meal and rest breaks," he does not identify an amount of said missed breaks remained unpaid at his termination. Plaintiff does not adequately allege the necessary facts to support his underlying claim. The Complaint merely recites the statutory language. (*See* Doc. No. 1, Exh. A ¶¶ 39-41.) Plaintiff cannot simply state that Defendants acted willfully; he must allege facts to establish this requisite element. Therefore, Plaintiff's general allegation that he has not been paid all wages owed (i.e. missed meal and rest break premiums) is not a plausible claim in its current form.

<u>Section § 226.7 Payments as "Wages Earned"</u>

Defendants also argue that Plaintiff's third cause of action fails to the extent that it relies on Cal. Lab. Code § 226.7 payments for missed or non-compliant meal and rest breaks because § 226.7 payments are not "wages earned" triggering Cal. Lab. Code § 203 liability. (Doc. No. 4-1 at 11) (*citing Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1113 (2007)). Defendant further contends § 226.7 payments are instead properly characterized as damages. *Id.* at 12-13. (*citing Murphy*, 40 Cal. 4th at 1113; *Brinker*, at 54 Cal. 4th at 1040 n.19; and *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1255 (2012)).

Plaintiff responds that § 226.7 premiums are wages. (Doc. No. 7 at 4.) Plaintiff also counters that his third cause of action should not be stricken because it relies on more than Defendants' failure to pay Cal. Lab. Code § 226.7 premium wages. *Id.* at 4.

The California Supreme Court has addressed whether § 226.7 premium payments constitute a wage. After reviewing the legislative and administrative history of § 226.7, the court in *Murphy* held that the remedy's purpose was compensatory and that the "'additional hour of pay' [was] a premium wage intended to compensate employees, not a

penalty." *Murphy*, 40 Cal. 4th at 1114. In *Kirby*, the court determined that for the purposes of awarding attorney's fees brought for nonpayment of wages, a § 226.7 violation was an action brought for non-provision of meal breaks, not an action for nonpayment of wages. *Kirby*, 53 Cal. 4th at 1257. The court explained that this distinction was "not at odds with [the] decision in *Murphy*." *Id*. Further, the court stated:

> To say that a section 226.7 remedy is a wage, however, is not to say that the legal violation triggering the remedy is nonpayment of wages. As explained above, the legal violation is non-provision of a meal or rest breaks, and the object that follows the phrase "action brought for" in section 218.5 [for attorney's fees] is the alleged legal violation, not the desired remedy.

*Id*. (emphasis original). Therefore, "the court in *Kirby* held the *remedy* for a Labor Code § 226.7 violation is a wage, but the violation triggering the remedy is failure to provide meal or rest breaks, not nonpayment of wages." *Castillo v. Bank of Am. Nat'l Ass'n*, No. SA CV 17-0580-DOC (KESx), 2018 WL 1409314, at *6 (C.D. Cal. Feb. 1, 2018). However, since *Murphy* and *Kirby*, courts have inconsistently interpreted their rulings. *Stewart v. San Louis Ambulance, Inc.*, 878 F.3d 883, 887-88 (9th Cir. 2017); *see also Castillo*, 2018 WL 1409314, at *6. Specifically, courts that conclude failure to pay meal break premiums can trigger § 203 violations cite *Murphy*, whereas courts that reject this assertion rely on *Kirby*. *Stewart*, 878 F.3d at 888.

The Court agrees with the line of decisions concluding that unpaid meal and rest break premiums constitute wages for the purpose of § 203. *See Castillo*, 2018 WL 1409314 at *6. Accordingly, the Court **DISMISSES** Plaintiff's third cause of action for failure to pay all wages due at the time of termination from employment **without prejudice**. But the Court **DENIES** Defendants motion to dismiss Plaintiff's third cause of action under the theory that § 226.7 payments are not wages earned that incur waiting time penalties under § 203.

### 3. *Failure to Provide Timely and Accurate Itemized Wage Statements*

Next, Defendants move to dismiss Plaintiff's fourth cause of action under Cal. Lab. Code § 226 for failure to furnish timely and accurate wage statements. The Complaint

alleges that Defendants "knowingly and intentionally" failed to furnish and continue to knowingly and intentionally fail to furnish Plaintiff and the Class with accurate itemized statements, as required by California Labor Code § 226(a). (Doc. No. 1, Exh. A ¶ 44.)

California law requires that employers furnish their employees with accurate, itemized wage statements. Cal. Lab. Code § 226(a). To recover damages under this provision, an employee "must suffer injury as a result of a knowing and intentional failure by an employer to comply with the statute." *Price v. Starbucks, Inc.*, 192 Cal. App. 4th 1136, 1142 (Cal. Ct. App. 2011). The injury requirement "cannot be satisfied simply because one of the nine itemized requirements ... is missing from a wage statement." *Id.* The deprivation of information is not itself sufficient to establish a cognizable injury. *Id.* at 1143; *see also Elliot v. Spherion Pac. Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008), *aff'd*, 368 Fed. Appx. 761 (9th Cir. 2010) ("By employing the term "suffering injury," the statute clearly requires that an employee is not eligible to recover for violations of section 226(a) unless he or she demonstrates some injury from the employer's violation."). Cal. Lab. Code § 226(e)(1) provides that "[a]n employee ... suffering injury [under § 226(a)] ... is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)." Because of this violation, "Defendant is liable to Plaintiff and the Class for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest, and costs of suit." *Id.*

Defendants argue Plaintiff's fourth cause of action fails as a matter of law because Plaintiff has not alleged any facts indicating that Defendants "knowing and intentionally" provided Plaintiff and the other class members with inaccurate wage statements. (Doc. No. 8 at 4.) Furthermore, Plaintiff fails to allege that he suffered a cognizable injury because of the alleged wage statement violations. *Id.* Notably, Plaintiff "does not allege that the wage statements he received were inaccurate in reporting the wages *actually paid* to him and the deductions actually made during the applicable pay period." *Id.* at 5. And finally,

Plaintiff "does not actually address Defendants' argument and authorities that Section § 226.7 payments are not required to be itemized on wage statements under Section § 226(a)."

Plaintiff asserts that he has sufficiently pled his fourth cause of action because "Labor Code Section § 226(a) requires employers to accurately report gross wages, net wages earned, hours worked, etc." (Doc. No. 7 at 4.) Furthermore, "if a wage statement fails to accurately itemize any of these items including wages required under Labor Code Section § 226.7 arising from missed meal and rest breaks, 'and an employee cannot promptly and easily determine from the wage statement alone total hours worked, or all the applicable hourly rates for each hour worked by the employee, the wage statement violates section § 226'" *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-cv-00123-JST, 2017 U.S. Dist. LEXIS 114210, at *20-21 (N.D. Cal. July 21, 2017). *Id.*

Although these allegations mention the failure to include the total number of hours "he did not receive any compensation for" as a result of "missed meal and rest breaks," there is no sufficient allegation of a cognizable injury. *Price*, 192 Cal. App. 4th at 114; *Silva v. AvalonBay Communities, Inc.*, No. LACV-15-04157-JAK-PLAX, 2015 WL 11422302, at *10 (C.D. Cal. Oct. 8, 2015) (dismissing Plaintiff's § 226(a) claim where complaint alleged failure to include the total number of hours worked but failed to sufficiently allege any resulting cognizable injury). An employee is deemed to suffer an injury when there is an inaccuracy in any of the required information under Section 226(A) and the employee cannot "promptly and easily determine' from the wage statement the amount of gross wages or net wages actually paid to her during the pay periods at issue." Thus, Plaintiff's general statement that he and other class members "suffered injury," without more, fails to sufficiently allege an injury resulting from the inaccuracy of their wage statements. Furthermore, Plaintiff's conclusory allegation that Defendants violated § 226(A) "intentionally and willfully," without any factual support, is insufficient to state a plausible claim.

For these reasons, Defendant's Motion to Dismiss Plaintiff's fourth cause of action is **GRANTED, with leave to amend**.

### 4. *Unlawful and Unfair Business Acts and Practices*

Plaintiff's fifth and final cause of action asserts an California Unfair Competition Law ("UCL") violation for unfair business practices. (Doc. No. 1 at 29-30.) "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations ... as unlawful practices, independently actionable under section[s] 17200, [*et seq.*] and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383, (1992). It generally prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff asserts that Defendants' repeated violations of wage and hour laws constitute an "unlawful" and "unfair" practice under the UCL. (*See* Doc. No. 1, Exh. A ¶ 45-54.)

Defendants argue Plaintiff's Fifth Cause of Action fails as a matter of law to the extent it is wholly derivative of his claims and allegations that do not satisfy the pleading requirements of Rule 8, and because "Section 226.7 payments for meal and rest break violations, Section 226 wage statement penalties and Section 203 waiting time penalties are not subject to restitution under the UCL." (Doc. No. 4 at 19.) Unpaid wages are recoverable as restitution under the UCL because "[o]nce earned ... unpaid wages [become] property to which the employees [are] entitled." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 168 (2000). Waiting time penalties and wage statement penalties, however, are not recoverable under the UCL. This is because they are designed to encourage employers to comply with the law—not to "compensate employees for work performed." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1401-02 (2010); *See Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 808 (E.D. Cal. 2017) (granting motion to dismiss UCL claim to the extent it is based on California Labor Code §§ 203, 226).

Under his UCL claim, Plaintiff appears to seek both restitution and injunctive relief. (*See* Doc. No. 1, Exh. A ¶¶ C-D.) As restitution, he seeks "full restitution and disgorgement of all ill-gotten monies due them under California Labor Laws and IWC Wage Orders." *Id.* at 10. As injunctive relief, Plaintiff seeks an order prohibiting Defendants from engaging in the acts alleged in the Complaint, among other things. *Id.* To the extent Plaintiff's claim is premised on penalties under Sections 203 and 226, these are not recoverable as restitution under the UCL.

For these reasons, Defendant's Motion to Dismiss Plaintiff's Fifth Cause of Action is **GRANTED, with leave to amend**, to the extent the claim seeks recovery on these grounds.

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters are "those which ha[ve] no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks omitted). Impertinent matters "do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotation marks omitted).

The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks omitted). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Luxul Tech. Inc. v. NectarLux, LLC*, 2015 WL 4692571, at *3 (N.D. Cal. Aug. 6, 2015) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). The decision to grant a motion to strike ultimately lies within the discretion of the trial court. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271-72 (N.D. Cal. 2015) (citing *Whittlestone*, 618 F.3d at 973); *see Whittlestone*, 618 F.3d at 973 ("We review the district

court's decision to strike matter pursuant to Federal Rule of Civil Procedure 12(f) for abuse of discretion." (internal quotation marks omitted)).

### 1. *Joint Employer and Agency Allegations*

As part of his prayer for relief, Plaintiff seeks a finding by the Court that "he was employed by Defendants and seeks to represent a putative class of employees who worked for Defendants."[1] (Doc. No. 4 at 21.)

Defendants contend Plaintiff's joint employer and agency allegations should be dismissed or stricken because Plaintiff effectively conceded said allegations by failing to offer any substantive argument in opposition. (Doc. No. 8 at 9.)

"[T]he standards to determine whether [d]efendants are directly liable [as joint employers] are set out in *Martinez v. Combs*, 49 Cal. 4th 35 (2010), where the California Supreme Court held that the definition of 'employer' for minimum wage purposes is provided in the orders of California's Industrial Welfare Commission ("IWC")." *Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 994 (N.D. Cal. 2015). The IWC Wage Order provides three alternative definitions for the term "to employ." *Id.* It means (1) to exercise control over the wages, hours, or working conditions, or (2) to suffer or permit to work, or (3) to engage, thereby creating a common law employment relationship. *Id.*

Taking Plaintiff's allegations as true, the Court finds that Plaintiff has alleged sufficient facts to contend that Defendant Boral Industries Inc. is a joint employer with Boral Roofing LLC under the common law. Plaintiff pleads that the Defendants employ individuals in California and throughout the United States (*see* Doc. No. 4-1 ¶ 4), in non-exempt positions in their nationwide manufacturing factories (*see Id.* ¶ 8), under a policy that only permits each employee to take one meal break and two ten-minute rest breaks during his or her scheduled shift (*see Id.* ¶ 10), all while retaining and exercising the right

---

[1] Plaintiff began working for Defendant as a non-exempt hourly employee on April 12, 2018. (Doc. No. 4 at 21.)

to terminate Plaintiff and the putative class members (*see Id.* ¶ 18). Based on the foregoing, Plaintiff's allegations establish the plausibility that Defendant Boral Industries Inc. is a joint employer with Boral Roofing LLC. *See Hibbs-Rines v. Seagate Techs., LLC*, No. C 08-05430 SI, 2009 WL 513496, at *5 (N.D. Cal. Mar.2, 2009) ("While [the] plaintiff is not required to conclusively establish that defendants were her joint employers at the pleading stage, [the] plaintiff must at least allege *some* facts in support of this legal conclusion." (citation omitted)).

Accordingly, the Court **DENIES** Defendant's Motion to Strike as to Plaintiff's prayer regarding Joint Employer and Agency Allegations.

### 2. *Claims for Injunctive Relief*

As part of his Prayer for Relief, Plaintiff seeks injunctive relief. (Doc. No. 1 at 31.) It is undisputed that Plaintiff is no longer employed by Defendants. *Id.* at 24 ¶ 18. The Ninth Circuit has held that "[a] former employee currently seeking to be reinstated or rehired may have standing to seek injunctive relief against a former employer. But a former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (internal citations omitted); *see also Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017) (threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute injury, in fact, supporting injunctive relief). That Plaintiff purports to represent a class in this action does not alter the analysis. *See Hangarter v. Provident Life & Acc., Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (explaining a plaintiff may have standing in state court to seek such relief, but nonetheless may be unable to establish Article III standing to pursue injunctive relief in federal court because he cannot demonstrate real or immediate threat of irreparable injury); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief."); *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d

1124, 1138 (N.D. Cal. 2017) ("In a class action, a plaintiff 'cannot rely on the prospect of future injury to unnamed class members if they cannot establish they have standing to seek injunctive relief.'"). Plaintiff does not allege he may seek future employment with Defendants. He, therefore, lacks Article III standing to seek injunctive relief because he cannot demonstrate a credible threat of future injury.

Accordingly, the Court **GRANTS** Defendant's Motion to Strike as to Plaintiff's prayer for injunctive relief **WITHOUT LEAVE TO AMEND**.

### 3. *Attorney's Fees*

Defendant moves to strike Plaintiff's request for attorney's fees claiming "Plaintiff's Opposition does not actually dispute Defendants argument" and because there is no statute or agreement between the parties that authorizes an award of attorney's fees to a party that prevails on a Cal. Lab. Code ("CLC") § 226.7 claim. (Doc. No. 4-1 at 24.) Defendants cite to *Kirby*, which held that "a prevailing party may recover attorney's fees only when a statute or an agreement of the parties provides for fee-shifting," and "neither [CLC § 1194] nor [CLC § 218.5] authorizes an award of attorney's fees to a party that prevails on a [CLC § 226.7] claim." 53 Cal. 4th at 1248, 140 Cal. Rptr. 3d 173, 274 P.3d 1160.

Plaintiff opposes claiming "CLC makes clear that a plaintiff's attorney's fees and costs are recoverable when he or she prevails on various claims contained therein." (Doc. No. 7 at 5.) As Plaintiff is sure he will succeed on his claims, "he will be entitled to recover fees and costs" incurred because of the current litigation. *Id.*

Attorney's fees can be recovered under Cal. Civ. Proc. § 1021.5 if: "(1) the action resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit was conferred on the general public or a large class of persons; and (3) the necessity and financial burden of private enforcement were such as to make the award appropriate." *DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 197 (2007). Other district courts have determined a plaintiff can recover attorney's fees for wage and hour class actions that result in "significant public benefit" pursuant to Cal. Civ. Proc. § 1021.5.

*Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1220 (E.D. Cal. 2011); *see also Guerrero v. Halliburton Energy Services, Inc.*, 231 F. Supp. 3d 797, 810 (E.D. Cal. 2017) (collecting cases).

Here, the Court agrees with Plaintiff's argument that attorney's fees *may* be appropriate and declines to strike Plaintiff's request at this time. Courts considering this very issue in similar cases generally find the attorney's fees may be appropriate under Cal. Civ. Proc. § 1021.5. *See, e.g., Dittmar v. Costco Wholesale Corp.*, No. 14cv1156-LAB (JLB), 2016 WL 3387464, at *2 (S.D. Cal. June 20, 2016); *Rodriguez v. Cleansource, Inc.*, No. 14-cv-0789-L (DHB), 2015 WL 5007815, at *11 (S.D. Cal. Aug. 20, 2015).

Accordingly, the Court **DENIES** Defendant's Motion to Strike as to Plaintiff's prayer for attorney's fees.

### 4. *Business Expenses*

California law requires that employers reimburse employees for all reasonable and necessary expenditures incurred in discharging their job duties. Cal. Lab. Code §§ 2800, 2802. In his prayer for relief, Plaintiff seeks "general damages in the form of owed wages and business expenses." (Doc. No. 1; Compl. at Prayer for Relief, ¶ F.)

Plaintiff has not alleged a single specific business-related cost that he or any putative class member incurred. Plaintiff's conclusory boilerplate allegations merely repeat the language of the statute throughout the Complaint. *See Kemp v. Int'l Bus. Mach. Corp.*, 2010 WL 4698490, at *6 (N.D. Cal. Nov. 8, 2010) (dismissing claims for failing to allege "any costs that he incurred that were not fully reimbursed").

Accordingly, the Court **GRANTS** Defendant's Motion to Strike as to Plaintiff's prayer for reimbursement of business expenses **WITHOUT LEAVE TO AMEND**.

### C. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the

underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008).

The Court grants Plaintiffs leave to amend the Complaint to correct the deficiencies identified in this Order because the Court does not find undue delay, bad faith or dilatory motive by Plaintiff, repeated failure to cure deficiencies or undue prejudice to Defendant. Further additional allegations may cure the deficiencies identified in this Order, and therefore amendment would not necessarily be futile. Should Plaintiff elect to file a First Amended Complaint, he shall do so within thirty (30) days of the date of this Order. Failure to meet the 30-day deadline to file an amended complaint or failure to cure the deficiencies identified in this Order may result in a dismissal of Plaintiffs' claims with prejudice. Plaintiffs may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

## IV. CONCLUSION

For the foregoing reasons stated in this Order, the Motion is **GRANTED IN PART**, and **DENIED IN PART** as follows:

1) Defendant's Motion to Dismiss is **GRANTED with leave to amend** as to the First Cause of Action;

2) Defendant's Motion to Dismiss is **GRANTED with leave to amend** as to the Second Cause of Action;

3) Defendant's Motion to Dismiss is **DENIED** as to the Third Cause of Action, however, the Court **DISMISSES without prejudice** Plaintiff's Third Cause of Action for failure to pay all wages due at the time of termination from employment;

4) Defendant's Motion to Dismiss is **GRANTED with leave to amend** as to the Fourth Cause of Action;

5) Defendant's Motion to Dismiss is **GRANTED with leave to amend** as to the Fifth Cause of Action;

6) Defendant's Motion to Strike Plaintiff's prayer for relief regarding Joint Employer and Agency Allegations is **DENIED**;

7) Defendant's Motion to Strike Plaintiff's prayer for relief regarding Injunctive Relief is **GRANTED without leave to amend**;

8) Defendant's Motion to Strike Plaintiff's prayer for relief regarding Attorney's Fees and Costs is **DENIED**;

9) Defendant's Motion to Strike Plaintiff's prayer for relief regarding Reimbursement of Business expenses is **GRANTED without leave to amend**.

**IT IS SO ORDERED.**

DATED: September ___, 2019

HON. ROGER T. BENITEZ
United States District Judge