Alisa A. Martin, State Bar No. 224037
**AMARTIN LAW, PC**
600 West Broadway, Suite 700
San Diego, CA 92101
Telephone: (619) 308-6880
Facsimile: (619) 308-6881

Lindsay C. David, State Bar No. 283267
**BRENNAN & DAVID LAW GROUP**
2888 Loker Avenue East, Suite 302
Carlsbad, California 92010
Telephone: 760-730-9408
Facsimile: 760-888-3575

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BISHOP, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BORAL INDUSTRIES, INC, a California Corporation, BORAL ROOFING, LLC, a Delaware Limited Liability Corporation, and DOES 1-10<br><br>Defendants. | CASE NO.: 18-cv-2701-BEN-MSB<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. FAILURE TO PROVIDE MEAL BREAKS<br>2. FAILURE TO PROVIDE REST BREAKS<br>3. FAILURE TO PAY FINAL WAGES<br>4. FAILURE TO PROVIDE TIMELY AND ACCURATE WAGE STATEMENTS<br><br>**[DEMAND FOR JURY TRIAL]** |

## I.

## NATURE OF ACTION

1. Based on personal knowledge, information and belief, plaintiff Ryan Bishop, a non-exempt employee, brings this putative class action, on behalf of himself and all other similarly situated non-exempt employees, against his employer BORAL INC. for numerous wage and hour violations, including: (1) failing to provide meal breaks; (2) failing to provide rest breaks; (3) failing to pay final wages; and (3) failing to provide timely and accurate wage statements.

## II.

## JURISDICTION AND VENUE

2. Plaintiff filed this Complaint in the San Diego Superior Court. Defendant removed this action to Federal Court which, according to Defendant, has jurisdiction over Plaintiff's and the Class' claims for premium wages for missed breaks, unpaid final wages, and inaccurate wage statements under the California Labor Code, as well as for injunctive relief and restitution of wages and ill-gotten benefits arising from Defendant's unlawful business practices under Business & Professions Code §§ 17203 and 17204, because: (1) at least one plaintiff is diverse from Defendant; (2) the Class' claims as a whole exceed the jurisdictional limit of $5,000,000; and (3) no federal claims or questions are being disputed, precluding federal jurisdiction. Thus, Defendant is within this Court's jurisdiction.

3. Venue is proper under Code of Civil Procedure § 395(a) because Defendant operates throughout California, including San Diego, and employed, and continues to employ numerous putative class members in San Diego during the class period.

## III.

## PARTIES

**Plaintiff**

4. Ryan Bishop (hereafter "Plaintiff") resides in San Diego County, California. Plaintiff commenced employment with Defendant in April 2018 as a non-exempt employee in Defendant's manufacturing factory. Defendant terminated Bishop in May 2018.

**Defendants**

Boral Industries, Inc. is a California corporation that does business in California with its principal place of business in Georgia. Boral Roofing, LLC is a Delaware limited liability corporation that does business in California with principal place of business in Irvine, California. Boral Industries Inc. and Boral Roofing LLC are collectively referred to as Defendant throughout this complaint. On information and belief, Boral Industries and Boral Roofing executed the policy giving rise to the alleged labor code violations outlined herein. On information and belief, Boral Industries and Boral Roofing were joint employers because they each exercised

control over Plaintiff and other similarly situated individuals.

Defendant employs individuals in California and throughout the United States. Defendant's alleged acts were authorized, directed or accomplished by its agents, officers, employees or representatives, while actively engaged in the operation and management of its business.

**DOE Defendants**

Plaintiff is ignorant about defendants' true names sued as DOES 1 through 10, inclusive, and their wrongful conduct, and therefore sues these defendants by fictitious names. Plaintiff will seek Court leave to amend this complaint to allege their true names and capacities when ascertained. Plaintiff alleges on information and belief that at all relevant times, DOES 1-10, inclusive, were agents, servants, employees, representatives, partners, and related or affiliated entities of Defendant, and in doing the things hereinafter mentioned, were acting in the course and scope of their agency, employment, or retention with defendants' permission, consent, authority and ratification

**Defendants' Aiding and Abetting, Agency, Joint, and Alter Ego Relationship**

Plaintiff alleges on information and belief that the named and DOE defendants were: (1) acting as express agents, implied agents, ostensible agents, servants, partners, and/or employees of each other; (2) acting within the scope of and pursuant to such agency and employment, and with the full knowledge, consent, permission, approval and ratification, either express or implied, of each of the other defendants and benefited from the actions of every other defendant, thereby adopting such conduct and actions as their own; (3) acting as each other's alter egos; and (4) aiding and abetting and offering substantial assistance to each other in the commission of the alleged wrongful acts.

**IV.**

**FACTUAL BACKGROUND**

**Defendant's Business**

5. Defendant is an international building products and construction materials group.

6. Defendant employs non-exempt employees nation-wide to work in its

manufacturing factories.

**Summary of Violation**

7. This case arises from Defendant's failure to provide meal and rest breaks in accordance with California law. Specifically, Plaintiff contends that Defendant violated California law by scheduling he and other similarly situated non-exempt employees to work 12-hour shifts, but only allowed them to take one meal break and two ten-minute rest breaks during the shift.

**Defendant's Failure to Provide Meal and Rest Breaks**

8. Defendant scheduled Plaintiff and its other similarly situated non-exempt employees to work set shifts, most of which were 12 hours long. Plaintiff and other similarly situated non-exempt employees regularly worked the 12-hour shifts.

9. The work schedule included set times for meal breaks and rest breaks. The meal breaks and rest breaks were scheduled so that Plaintiff and other similarly situated non-exempt employees took meal breaks and rest breaks at the same time. When Defendant scheduled Plaintiff and similarly situated employees to work 12-hour shifts, Defendant only scheduled one meal break and two ten-minute rest breaks for Plaintiff and other similarly situated non-exempt employees during his or her scheduled shift, even though a 12-hour shift.

10. Throughout his employment, with one exception outlined in "Plaintiff's Facts" below, Plaintiff only took one meal break and two ten-minute rest breaks during his 12-hour shifts. Plaintiff observed that other similarly situated non-exempt employees also adhered to the schedule and only took one meal break and two ten-minute rest break during their 12-hour shifts.

11. Defendant did not allow employees to take meal breaks and rest breaks outside of their scheduled meal and rest breaks.

12. Plaintiff is informed and believes that Defendant has not received an exemption from providing off-duty meal and rest breaks to employees, yet its policy and practice is to only allow Plaintiff and other employees to take one off-duty meal break even if their shifts exceeded ten (10) hours, which was customary.

13. Further, Defendant failed to provide Plaintiff and other employees with any

compensation for the missed meal and rest breaks.

**<u>Defendant's Practices Resulted in Improper Wage Statements And Unpaid Final Wages</u>**

14. Based on the policies and practices set forth above, Defendant failed to provide legally compliant meal and rest breaks (i.e. Defendant failed to provide the additional meal and rest break when an employee worked a 12-hour shift). As such, Plaintiff and other similarly situated employees were owed an additional hour of pay for each missed meal and rest break each day Plaintiff and other similarly situated employees worked a 12-hour shift and did not receive his or her second meal break and rest break. As outlined above, Defendant did not make these payments.

15. Moreover, Defendant's actions were willful because Defendant was aware that Plaintiff and other similarly situated employees were scheduled for 12-hour shifts and Defendant was aware that Plaintiff and other similarly situated employees were only allowed one meal break and two ten-minute rest breaks per 12-hour shift. Nonetheless, Defendant failed to provide the additional wages owed.

16. As a result of these actions, Defendant issued paychecks that did not include all of the wages earned. Plaintiff and other similarly situated employees were injured by the inaccurate wage statement because they failed to include all wages earned (i.e. they did not include the wages earned from the missed meal and rest breaks and as a result of this deficiency, Plaintiff and other similarly situated employees could not easily determine what the gross and net amount of their actual pay was and were misled into believing they earned less than they actually did.

17. Further, when Plaintiff was terminated, Defendant failed to pay him the waged owed to him resulting from the missed meal and rest breaks. On information and belief, Defendant failed to provide any terminated employees with the wages owed to them as a result of the missed meal and rest breaks.

**Plaintiff's Facts**

18. Plaintiff began working for Defendant as a non-exempt hourly employee on April 12, 2018.

19. Plaintiff was regularly scheduled to work 12-hour shifts. Plaintiff regularly worked his scheduled 12-hour shifts.

20. For each of Plaintiff's 12-hour shifts, he was only scheduled for one meal break and two rest breaks. Throughout his employment, Plaintiff did not receive any compensation for his missed meal and rest breaks. Plaintiff spoke with other similarly situated non-exempt employees who advised him that they did not receive any compensation for missed meal and rest breaks.

21. Plaintiff complained that he was not receiving his second meal break, even though he was scheduled to work 12-hour shifts. Defendant responded by telling Plaintiff he was only allowed to take one meal break per 12-hour shift.

22. On or around May 4, 2018, Plaintiff took a second meal break.

23. On May 5, 2018, Defendant Terminated Plaintiff.

24. The paycheck Plaintiff received after his termination did not include the compensation owed to him as outlined in the preceding paragraphs.

## VI.

## CLASS ALLEGATIONS

25. **Class A**: Plaintiff brings this action on behalf of himself and an ascertainable statewide Class consisting of:

> All persons who worked in California who worked for Defendant as a non-exempt employee and worked a shift greater than or equal to ten hours at any time since four years before the filing of this case.

26. **Ascertainable Class:** The Class is ascertainable in that each member can be identified using information contained in Defendant's payroll, scheduling and personnel records.

27. **Common Questions of Law or Fact Predominate:** There is a well-defined community of interest in the questions of law and fact affecting the class. The questions of law and fact common to the Class predominate over questions that may affect individual class members. These questions of law and fact include, but are not limited to, the following:

   a. Whether Defendant provided lawful rest breaks;

   b. Whether Defendant provided lawful meal breaks;

     c. Whether Defendant paid final wages;

     d. Whether Defendant furnished untimely and inaccurate wage statements;

     e. Whether Defendant engaged in unfair and unlawful business practices.

28. **Numerosity:** The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes the Class consists of over 100 individuals. Individual joinder of class members is also impracticable.

29. **Typicality:** Plaintiff, like the class members, worked for Defendant during the class period as a non-exempt employee and was subjected to Defendant's wrongful conduct as set forth above. For instance, Plaintiff routinely was deprived of the opportunity to take lawful breaks, was not provided final wages, and was not provided accurate wage statements. Plaintiff and the Class suffered the same injuries.

30. **Adequacy:** Plaintiff will fairly and adequately represent and protect the Class' interest in that he has no disabling conflicts of interest that would be antagonistic to those of the other class members. Plaintiff seeks no relief that is antagonistic or adverse to the Class and the infringement of the rights and the damages she suffered are typical of all other class members. Plaintiff retained competent counsel, experienced in class action litigation and employment law, and intends to prosecute this action vigorously.

31. **Superiority:** The class action format is a particularly efficient and appropriate procedure to afford relief to Plaintiff and the class members because:

     a. The individual amounts of damages involved, while not insubstantial, are such that individual actions or other individual remedies are impracticable and litigating individual actions would be too costly;

     b. This case essentially involves a single employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

     c. If each Class member was required to file an individual lawsuit, Defendant would gain an unconscionable advantage since it would be able to exploit and

overwhelm each Class member's limited resources with their vastly superior financial and legal resources;

d. The costs of individual suits could unreasonably consume the amounts that would be recovered;

e. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their immediate and/or future employment;

f. Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged; and

g. Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

32. **Notice:** Notice to the class members may be made by first-class mail addressed to all persons who have been individually identified by Defendant through access to its payroll and personnel records. Alternatively, if Defendant cannot produce certain class members' names and addresses, those class members may be notified by publication in the appropriate media outlets, and by posting notices in Defendant's places of business in the State of California.

## FIRST CAUSE OF ACTION
### Failure to Provide Required Meal Periods

33. Plaintiff incorporates every preceding paragraph as if fully set forth herein.

34. Defendant is required to provide their employees with duty free meal breaks under IWC Order No. 4-2001 and Labor Code §§ 200, 500, 512, 11198, among other sections.

35. Defendant failed to provide lawful meal breaks. There are no valid legal or applicable exceptions to the meal break requirement that would otherwise allow Defendant to avoid providing regular meal breaks.

36. As described in detail above, Defendant has a company-wide policy of prohibiting

employees from taking off-duty breaks because employees are not relieved of all duties during breaks.

37. California Labor Code § 226.7(b) provides for one hour of additional pay at the employee's regular pay rate for each meal period that is not provided. Plaintiff and the Class demand all applicable wages and penalties for their lost meal breaks, including the one hour's compensation due under California Labor Code §§ 226.7, 512 and IWC Order No. 4-2001, as well as reasonable attorney's fees and costs of suit, pursuant to California Labor Code §218.5.

## SECOND CAUSE OF ACTION
### Failure to Provide Required Rest Periods

38. Plaintiff incorporates every preceding paragraph as if fully set forth herein.

39. At all times herein mentioned, Defendant was required to provide their employees with duty-free rest periods pursuant to IWC Order No. 4-2001 and Labor Code §§ 200, 500, 512, 1198, among other sections.

40. Defendant failed to provide Plaintiff and the Class with duty-free rest periods. There are no valid legal or applicable exceptions to the rest period requirement that would otherwise allow Defendant to avoid providing regular duty-free rest breaks.

41. As described above, Defendant's policy and practice is to require employees to remain on-duty during their rest breaks.

42. Employees are never relieved of all duties during any breaks therefore employees also are not permitted to take off-duty rest breaks during a shift.

43. Wages are due to employees for "all hours worked" under IWC Order 4-2001 ¶4(a) and applicable California laws, rules, orders, requirements, and regulations. Plaintiff and the Class request relief under California Labor Code § 226.7(b) and IWC Order No. 4-2001, which provide for additional pay for missed rest periods in a sum to be proven at trial, and demand reasonable attorney's fees and costs of suit, pursuant to California Labor Code §218.5.

## THIRD CLAIM FOR RELIEF
### Failure to Provide Pay Final Wages

44. Plaintiff re-alleges and incorporates all preceding paragraph.

45. Labor Code §§ 201 and 202 require Defendant to pay all compensation due and

owing to all formerly employed California Class members at the time employment was terminated. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, the employer is liable for penalties in the form of continued compensation for up to 30 workdays. Based up information and belief, Defendant willfully failed to pay upon termination all wages owed to the California Class who are no longer employed by Defendant and thus is liable to such class members for penalties pursuant to Labor Code § 203.

46. As a result, Defendant is liable to Plaintiff and the California Class for the amounts provided by California Labor Code § 201 and 202 in addition to attorney's fees, interest and costs of suit.

## FOURTH CAUSE OF ACTION
### Failure to Furnish Timely and Accurate Wage Statements

47. Plaintiff incorporates every preceding paragraph as if fully set forth herein.

48. California Labor Code § 226(a) requires employers semi-monthly, or at the time of each payment of wages, to furnish each employee with a statement itemizing with the applicable pay rate, the total hours worked by the employee or other basis upon which compensation is determined. California Labor Code § 226(e) provides that if an employer knowingly and intentionally fails to provide such a statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4000).

49. Defendant knowingly and intentionally failed to furnish and continue to knowingly and intentionally fail to furnish Plaintiff and the Class with accurate itemized statements, as required by California Labor Code § 226(a). As a result, Defendant is liable to Plaintiff and the Class for the amounts provided by California Labor Code § 226 in addition to attorney's fees, interest and costs of suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class request the following relief:

**A.** An order certifying the Class and designating Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel;

     **B.**    For statutory damages and penalties according to proof;

     **C.**    For general damages in the form of owed wages;

     **D.**    A declaration that Defendant is financially responsible for notifying all class members of the pendency of this action;

     **E.**    Reasonable costs and attorneys' fees;

     **F.**    Statutory pre-judgment interest; and

     **G.**    For such other relief as the Court may deem proper.

Dated: October 9, 2019

                      AMartin Law, PC

                      By: /s/ Alisa Martin
                           Alisa Martin
                           Attorneys for the Plaintiff and the Class

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial.

Dated: October 9, 2019

                      AMartin Law, PC

                      By: /s/ Alisa Martin
                           Alisa Martin
                           Attorneys for the Plaintiff and the Class