UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BISHOP, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>BORAL INDUSTRIES, INC., a California Corporation; BORAL ROOFING, LLC, a Delaware Limited Liability Corporation; and DOES 1 to 10,<br><br>                              Defendants. | Case No.:  3:18-cv-02701-BEN-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Before the Court is a Motion to Compel Arbitration submitted by Defendants Boral Industries, Inc. and Boral Roofing, LLC (collectively "Defendants").  ECF No. 20.  The docket shows Plaintiff Ryan Bishop has not filed a response to the motion.  For the following reasons, the Court **GRANTS** the Motion to Compel Arbitration.  The Court also **DISMISSES** Plaintiff's First Amended Complaint with prejudice.

I.      BACKGROUND

On October 28, 2018, Plaintiff filed a complaint against Defendants in state court alleging Defendants engaged in unfair business practices by failing to (1) provide meal breaks, (2) provide rest breaks, (3) pay final wages, and (4) provide timely and accurate

wage statements. ECF No. 1, Exh. A ¶¶ 9-14. Plaintiff also sought to represent a class of similarly situated persons. *Id*. at ¶¶ 20-27. Defendants removed the case to this Court on November 29, 2018. ECF No. 1. Following a motion to dismiss that was granted in part, Plaintiff filed a First Amended Complaint alleging the same underlying claims.

On February 19, 2020, Defendants filed this Motion to Compel Arbitration pursuant to the Federal Arbitration Act ("FAA"). ECF No. 20; 9 U.S.C. § 1 *et seq*. Defendants also requested the Court dismiss Plaintiff's class claims with prejudice. ECF No. 20, 17-18. Defendants argue Plaintiff is subject to a valid arbitration agreement that encompasses the issues in dispute here, and that the arbitration agreement requires all disputes be arbitrated individually. *Id*. at 8-17.

## II. DISCUSSION

Local Rule 7.1(f)(3)(C) provides that failure to file an opposition when due can constitute consent to the granting of a motion. On this basis alone the Court could grant Defendants' motion. However, because the Court also concludes dismissal is appropriate it addresses the motion fully below.

Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of a contract." 9 U.S.C. § 2. The FAA requires the Court to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp*, 207 F.3d at 1130. "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

Defendants submit Plaintiff signed an arbitration agreement while applying to work for Real Time Staffing Services, LLC, a staffing agency, which does business in California as Select Staffing. ECF No. 20, 2. Select Staffing thereafter sent Plaintiff to work at Defendants' facility. *Id*. Defendants argue the arbitration agreement applies to them, as the arbitration agreement Plaintiff signed applies to "the Company," which is broadly defined therein as "Select Staffing…and all related entities, including entities where employees are sent to work." *Id*. at Ex. 1. The agreement covers "any dispute between Ryan B Bishop and the Company relating to or arising out of the employment or the termination of Ryan B Bishop," including "claims for breach of contract, fraud… wages, salary, compensation, reimbursement, penalties, wrongful termination… and state laws regarding unfair competition or unfair business practices." *Id*. Finally, the arbitration agreement provides that "class action, collective action, and representative action procedures shall not be asserted, nor will they apply, in any arbitration proceeding pursuant to this Agreement." *Id*.

Defendants argue the agreement is valid under the FAA, Plaintiff's claims fall within the scope of the agreement, and the agreement requires Plaintiff to arbitrate his claims individually. ECF No. 20. The Court agrees. Defendant has sufficiently demonstrated these points, and Plaintff has not offered argument to rebut. Accordingly, Plaintiff must arbitrate his claims and he must do so individually.

The Court must next determine whether staying the litigation pending arbitration is appropriate. Here, the Court concludes dismissal is appropriate.

Where a dispute is subject to arbitration under the FAA, "the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (courts are "required to stay litigation of arbital claims pending arbitration of

those claims 'in accordance with the terms of the agreement'"). However, this duty is not mandatory where, as here, the Court finds each of the claims before it are arbitrable. *See Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 637-38 (9th Cir. 1988) (finding that although not requested, dismissal with prejudice for failure to state a claim was proper where the trial court, on its own initiative, noted the inadequacy of a complaint because all of the plaintiffs claims were subject to arbitration); *see also Salberg v. Massage Green Int'l Franchise Corp.*, No. 15-CV-2805-GPC-WVG, 2016 WL 3667154 (S.D. Cal. Jul. 11 2016) (exercising the court's discretion to dismiss where all of the plaintiff's individual claims were subject to arbitration).

Staying these proceedings would serve little purpose, as the Court has found each of Plaintiff's claims arbitrable. *See Salberg*, 2016 WL 3667154, at *3. Moreover, the valid arbitration clause applicable to all of Plaintiff's claims renders him unable to amend and possibly win relief, and therefore dismissal with prejudice is appropriate on the Court's initiative. *See Wong v. Bell*, 642 F.2d 359 (9th Cir. 1981).

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Compel Arbitration. The Court further **DISMISSES** Plaintiff's First Amended Complaint **with prejudice**.

IT IS SO ORDERED.

Dated: August 6, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge